**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOGAN STORM,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES,<br><br>    Respondent. | Case No. CV 16-4666-BRO (JPR)<br><br>ORDER DENYING PETITION AND DISMISSING ACTION |

On June 27, 2016, Petitioner, who is housed at FCI Lompoc, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, relying on 28 U.S.C. § 2241. Petitioner was convicted in the District of Oregon of possessing child pornography and failing to appear for sentencing. See United States v. Storm, 612 F. App'x 445 (9th Cir. 2015). The Ninth Circuit affirmed his convictions and sentence. Id.

Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Prisoners may file only one § 2255 motion, and only within certain strict time limits. See § 2255(f), (h). Under the "savings clause" of § 2255, however, a

prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e).  To qualify under that clause, a petitioner must (1) claim that he is actually innocent and (2) show that he has not had an "unobstructed procedural shot" at presenting the claim.  Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008) (citation omitted).  When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the petition is properly brought under § 2241 or "is, instead, a disguised § 2255 motion." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

    Petitioner acknowledges that he has not filed a § 2255 motion in the district of conviction, claiming that the "corruptions and cronyism I've endured at the hands of FOUR successive Portland courts" "mak[e] them unfit to adjudicate over further actions in my case."  (Pet. at 5.)[1]  He does not otherwise explain why § 2255 is inadequate or ineffective to challenge his convictions, presumably relying on the allegations in his Petition concerning the erroneous rulings the trial and appellate courts allegedly made.  (Id. at 3-4.)

    But the savings clause in § 2255(e) mandates that the Petitioner not have had an unobstructed procedural opportunity to raise his claims in a § 2255 motion, and Petitioner has not even attempted to show that he can meet that requirement.  Nothing demonstrates that Petitioner was unable procedurally to file a

---

[1] The Court has used the pagination provided by its Case Management/Electronic Case Filing system.

§ 2255 motion in the District of Oregon.[2] That remedy is not rendered inadequate simply by Petitioner's claims of judicial bias, even if they are true. See Tripati, 843 F.2d at 1163. That is because Petitioner could seek to disqualify the assigned judge in the district of conviction under 28 U.S.C. § 144 or 455. Tripati, 843 F.2d at 1163.

Petitioner thus has not shown that § 2255 is inadequate or ineffective as a means of challenging his convictions, and his Petition must be summarily dismissed under Local Rule 72-3.2 for lack of jurisdiction.[3] IT THEREFORE IS ORDERED that Petitioner's Petition for a Writ of Habeas Corpus is denied and this action be dismissed.

DATED: July 6, 2016

BEVERLY REID O'CONNELL
U.S. DISTRICT JUDGE

Presented by:

JEAN ROSENBLUTH
Jean Rosenbluth
U.S. Magistrate Judge

---

[2] It appears that any such motion may soon be or already is time barred under § 2255(f). But that also would not render the remedy inadequate or ineffective, particularly given that Petitioner affirmatively chose to forgo filing a § 2255 motion. See Hill v. Morrison, 349 F.3d 1089, 1092 (8th Cir. 2003); Jerecki v. Milusnic, No. CV 14-1642-FMO (E), 2014 WL 1682011, at *2 (C.D. Cal. Mar. 17, 2014), accepted by 2014 WL 1682023 (C.D. Cal. Apr. 29, 2014).

[3] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."